## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**INVESTAR BANK, NATIONAL
ASSOCIATION**                                    **CIVIL ACTION**

**VERSUS**                                             **No. 22-284**

**COMMERCE HEALTHCARE, LLC**                    **SECTION I**

### ORDER & REASONS

Before the Court is a motion[1] for summary judgment filed by plaintiff, Investar Bank, National Association ("Investar"). Defendant, Commerce Healthcare, LLC ("Commerce"), has filed no opposition to the motion.[2] For the reasons that follow, the motion will be granted.

### I. BACKGROUND

Plaintiff is the holder of a promissory note (the "6950 Note"), dated September 30, 2020, for the principal amount of $4.821 million.[3] The 6950 Note is payable on plaintiff's demand at any time, or by monthly payments until the maturity date of September 30, 2026.[4] Bob Dean, Jr. ("Dean")—who is a member of Gretna Land

---

[1] R. Doc. No. 27.

[2] Defendant was represented by counsel when it filed its answer on March 8, 2022. R. Doc. No. 6. On May 17, 2022, the Court granted a motion by defendant's counsel to withdraw as counsel in this action. R. Doc. No. 19. On June 23, 2022, the Court held a hearing to determine counsel for defendant. R. Doc. No. 26. As the Court stated previously, defendant, as a limited liability company, must be represented by counsel in federal court. *Id.* Defendant did not enroll counsel prior to or during the hearing, nor has defendant subsequently enrolled counsel.

[3] R. Doc. No. 27-4, at 1.

[4] *Id.* The relevant interest rates and interest calculation method pertaining to the Note are set forth on the first page of the Note. *Id.*

Holdings, LLC ("GLH"), which is in turn a member of Commerce—executed the 6950 Note.[5]

Plaintiff is also the holder of another promissory note (the "7050 Note"), dated September 30, 2020, for the principal amount of $1 million.[6] The 7050 Note is payable on plaintiff's demand at any time, or by a single payment on the maturity date of September 30, 2021.[7] Dean executed the 7050 Note.[8]

On September 30, 2020, in order to induce plaintiff to extend credit under the 7050 Note and 6950 Note (the "Notes"), defendant executed a multiple indebtedness mortgage agreement ("MIM") on immovable property located at 535 Commerce St., Gretna, LA 70056.[9] The MIM is the only encumbrance on the designated property.[10] Defendant also executed a commercial security agreement ("CSA"), which designated an exhaustive list of "equipment" to serve as a security interest for "any and all present and future indebtedness of [plaintiff] in favor of [defendant]," in order to induce plaintiff to issue the Notes and provide security for defendant's payment of the Notes.[11] Plaintiff filed a UCC Financing Statement to record the CSA.[12] The CSA

---

[5] *Id.* at 2; R. Doc. No. 27-12, at 9.

[6] R. Doc. No. 27-5, at 1. The relevant interest rates and interest calculation method pertaining to the Note are set forth on the first page of the Note. *Id.*

[7] *Id.*

[8] *Id.* at 2; R. Doc. No. 27-12, at 10.

[9] R. Doc. No. 27-6, at 1–2, 15.

[10] R. Doc. No. 27-13.

[11] R. Doc. No. 27-7, at 1.

[12] R. Doc. No. 27-8.

is the only recorded UCC Financing Statement indicating indebtedness by defendant.[13]

On October 1, 2021, plaintiff sent two letters to defendant, demanding payment of the Notes within seven days.[14] Defendant received the letters, but it has not made the demanded payment to date.[15] As of June 23, 2022, the combined unpaid principal amounts, interest, and late fees under the Notes totaled $6,225,725.09, with additional interest to accrue at the rate of $2,732.04 per diem from June 24, 2022 through the date upon which judgment is entered.[16] As of June 30, 2022, plaintiff's attorneys' fees totaled $37,915.72.[17]

## II.  STANDARD OF LAW

 Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. A genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

---

[13] R. Doc. No. 27-14.
[14] R. Doc. No. 27-9; R. Doc. No. 27-12, at 12.
[15] R. Doc. No. 27-4, at 1; R. Doc. No. 27-5, at 1; R. Doc. No. 27-12, at 10–11.
[16] R. Doc. No. 27-10. The post-judgment interest rate is determined pursuant to 28 U.S.C. § 1961.
[17] R. Doc. No. 27-15, at 2 ¶ 4.

portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (quotation omitted).

Unopposed motions for summary judgment "cannot be granted simply because there is no opposition, but a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *HomeLife in the Gardens, LLC v. Landry*, 2018 WL 341703, at *2 (E.D. La. Jan. 9, 2018) (Africk, J.) (quoting *Day v. Wells Fargo Bank N.A.*, 768 F.3d 435 (5th Cir. 2014) (per curiam)).

Pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, if a defendant fails to respond to plaintiff's requests for admission within 30 days, defendant is deemed to have admitted them by default. "Courts have long recognized that summary judgment is proper where a party fails to respond to Rule 36 admissions requests on material facts." *Poon-Atkins v. Sappington*, 2022 WL 102042, at *1 (5th Cir. Jan. 10, 2022) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). "A party who makes an admission, whether express or by default, is bound by

that admission for summary judgment purposes." *Id.* (citing *In re* Carney, 258 F.3d 415, 420 (5th Cir. 2001)). This is true even when the default admissions go to the "heart of [plaintiff's] claims." *Id.* at *2.

## III. LAW & ANALYSIS

### A. Promissory Notes

"Under Louisiana law, '[w]hen signatures [on a promissory note] are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.'" *Bankers Tr. Co. v. Boydell*, 2002 WL 1973147, at *3 (5th Cir. July 29, 2002) (per curiam) (quoting *Am. Bank v. Saxena*, 553 So. 2d 836, 842 (La. 1989); citing La. R.S. §§ 10:3-301, 10:3-308(b)). Therefore, "a plaintiff establishes a prima facie case to enforce a promissory note when he 1) produces and presents the note into evidence; 2) shows it was signed by the defendant; [and] 3) [shows] that the defendant has defaulted[.]" *First NBC Bank v. Kirsch*, 2018 WL 5024074, at *3 (E.D. La. Oct. 17, 2018) (Feldman, J.) (quoting *National Collegiate Student Loan Tr. 2003-1 v. Thomas*, 129 So. 3d 1231, 1233–34 (La. App. 2 Cir. 2013)). Once plaintiff establishes a prima facie case, "the burden shifts to the defendant to submit evidence establishing a triable issue of fact on a bona fide defense." *Id.* [18]

---

[18] Because promissory notes present this "clear-cut and simple legal scheme, the Fifth Circuit has recognized that suits to enforce promissory notes are especially appropriate for disposition by summary judgment." *First NBC Bank v. Levy Gardens Partners 2007, LP*, 2019 WL 6770002, at *6 (E.D. La. Dec. 12, 2019) (Brown, C.J.) (internal quotation marks and alterations omitted) (quoting *Boydell*, 2002 WL 1973147, at *3 (5th Cir. 2002)); *see also FDIC v. Cardinal Oil Well Servicing Co., Inc.*, 837 F.2d 1369, 1371 (5th Cir. 1988) ("Typically, suits on promissory notes provide fit grist for the summary judgment mill.").

Plaintiff has attached the Notes as exhibits to this motion. *Thomas*, 129 So.3d at 1234 (citing La. R.S. § 13:3733.1(G)(1)(d)).[19] Defendant, by failing to timely respond to plaintiff's requests for admission,[20] has admitted by default that it signed the Notes. Additionally, defendant, by failing to timely respond to plaintiff's requests for admission,[21] has admitted by default that the Notes are in default for non-payment. Plaintiff has also provided affirmative evidence of this default by producing their letter demanding payment pursuant to the terms of the Notes,[22] providing a statement of the remaining amount due on the Notes,[23] and stating in a declaration that defendant did not fulfill this demand for payment.[24]

Plaintiff has established a prima facie case for the enforcement of promissory notes, thereby shifting the burden to defendant "to submit evidence establishing a triable issue of fact on a bona fide defense." *Kirsch*, 2018 WL 5024074, at *3. Defendant has filed no opposition to the motion for summary judgment and has not met its burden. Accordingly, the Court will enter summary judgment in favor of plaintiff with respect to the Notes.

## B. Multiple Indebtedness Mortgage

Louisiana law provides that a contract of mortgage must:

state precisely the nature and situation of each of the immovables or other property over which it is granted; state the amount of the obligation, or the maximum amount of the obligations that may be

---

[19] R. Doc. Nos. 27-4, 27-5.
[20] R. Doc. No. 27-12, at 9–10.
[21] *Id.* at 6, 13.
[22] R. Doc. No. 27-9; R. Doc. No. 27-4, at 1; R. Doc. No. 27-5, at 1.
[23] R. Doc. No. 27-10.
[24] R. Doc. No. 27-3, at 6 ¶¶ 19–21.

outstanding at any time and from time to time that the mortgage secures; and be signed by the mortgagor.

La. C.C. art. 3288. "The rank of a creditor's claim is established by the priority of its registry in the appropriate public record." *Three Rivers Farm Supply, Inc. v. Webber*, 617 So. 2d 1220, 1223 (La. App. 3d Cir. 1993) (citing *United Credit Plan of Gretna v. Pullen*, 448 So. 2d 95 (La. 1984)).

Multiple indebtedness mortgages ("MIMs") are issued pursuant to La. C.C. art 3298. The Fifth Circuit has summarized the essential features of MIMs as follows:

> First, "[a] multiple indebtedness mortgage agreement must always be granted in favor of a specifically named and designated mortgagee." [David S. Willenzik, *Future Advance Priority Rights of Louisiana Collateral Mortgages: Legislative Revisions, New Rules, and a Modern Alternative*, 55 La. L.Rev. 1, 52 (1994).] (citations omitted). Second, "[a] multiple indebtedness mortgage agreement ... provides that the mortgage itself is being granted directly to secure the on-going present and future indebtedness of the borrower in favor of the specified mortgagee," and thus, there is no reference to a specific pledge agreement. *Id.* at 53. Third, the definition of "indebtedness" in the MIM must contemplate both present and future indebtedness. *Id.* Fourth, the MIM agreement must specify a maximum secured indebtedness amount. *Id.* at 53 (citing La. C.C. art. 3288). Fifth, the MIM should reference Article 3298 specifically. *Id.* at 54. Sixth, the MIM should provide the procedures for canceling the mortgage. *Id.*

*In re Hari Aum, LLC*, 714 F.3d 274, 282–83 (5th Cir. 2013).

The MIM meets the requirements for mortgages generally and MIMs specifically. Defendant failed to timely respond to plaintiff's requests for admission, and thus has admitted by default that defendant signed the MIM and that the MIM is in default.[25] Finally, plaintiff has attached a mortgage certificate[26] to this motion,

---

[25] R. Doc. No. 27-12, at 11
[26] R. Doc. No. 27-13.

which demonstrates that the MIM is the only encumbrance on the relevant immovable property. Accordingly, the MIM grants Investar a first-priority security interest in the immovable property. accordingly, the Court will enter summary judgment in favor of plaintiff with respect to the MIM.

## C. The Commercial Security Agreement

Under Louisiana law, a security agreement is valid where there is "a writing . . . which adequately describes the collateral, carries the signature of the debtor, and establishes that, in fact, a security interest was agreed upon." *Sonnier v. Boudreaux*, 673 So. 2d 713, 717 (La. App. 1 Cir. 1996) (citing La. R.S. § 10:9-203); *see also Autovest, LLC v. Nash*, 197 So. 3d 258, 262–63 (La. App. 2 Cir. 2016).

Plaintiff has shown that the CSA exhaustively describes the designated collateral,[27] that defendant signed the CSA,[28] and that the CSA establishes that the collateral is a security interest for defendant's payment of the Notes.[29] Defendant failed to timely respond to plaintiff's requests for admission, and thus has admitted by default that defendant signed the CSA and that the CSA is in default.[30] Finally, plaintiff has submitted a UCC-11 report, which shows that Investar is the only entity to have filed a UCC-1 financing statement naming Commerce as its debtor.[31] As such, Investar holds a first-priority security interest in the collateral.

---

[27] R. Doc. No. 27-6, at 2, 15; R. Doc. No. 27-7, at 1.
[28] R. Doc. No. 27-6, at 14, 16–19; R. Doc. No. 27-7, at 6; R. Doc. No. 27-12, at 11–12.
[29] R. Doc. No. 27-6, at 2; R. Doc. No. 27-7, at 1.
[30] R. Doc. No. 27-12, at 11
[31] R. Doc. No. 27-14.

Accordingly, the Court will enter summary judgment in favor of plaintiff with respect to the CSA.

## IV. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** as unopposed, as set forth in greater detail in the Judgment issued on this date.

New Orleans, Louisiana, August 2, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**